RECEIVED

MAR 07 2017

AT 8:30_____M
WILLIAM T. WALSH
CLERK

**MASHEL LAW, L.L.C.**
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
T: (732) 536-6161
F: (732) 536-6165
E: smashel@mashellaw.com
Attorneys for Plaintiff Thomas Mittl

By: Stephan T. Mashel, Esquire
    Attorney I.D. No. 03185-1986

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**Trenton Division**

| | |
|---|---|
| THOMAS MITTL, on behalf of himself and all others similarly situated<br><br>                  Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>                  Defendant. | CASE NO: 3:15-cv-06886-BRM-DEA<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT** |

**THIS MATTER** having been opened by the Court by Plaintiffs Thomas Mittl and Toms River Automatic Door & Window (together, "Plaintiffs"), through counsel, Mashel Law, L.L.C. and Block & Leviton LLP, for entry of an Order granting Plaintiffs' Motion for Preliminary Approval of Class Action Settlement; and the Court, having considered Plaintiffs' Memorandum of Law in Support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement and the

1

exhibits submitted therewith, including the parties' Class Action Settlement Agreement ("Agreement"), the Notice of Class Action Settlement ("Notice"), the Claim Form, and the Request for Exclusion Form ("Exclusion Form"), and in recognition of the Court's duty to make a preliminary determination as to the reasonableness of any proposed class action settlement, and if preliminarily determined to be reasonable, to ensure proper notice is provided to Settlement Class Members in accordance with due process requirements, and to conduct a Final Approval Hearing as to the good faith, fairness, adequacy and reasonableness of any proposed settlement, hereby makes the following determinations and orders:

1. The Court finds, on a preliminary basis, that the Agreement, incorporated in full by this reference and made part of this Order of Preliminary Approval, appears to be for an amount that is within the range of reasonableness of a settlement which ultimately could be given final approval by this Court; the Court notes that Defendant Lowe's Home Centers, LLC (formerly known as Lowe's Home Centers, Inc.) ("Defendant") has agreed to pay up to the Maximum Settlement Amount of Two Million Eight Hundred Fifty Thousand Dollars and No Cents ($2,850,000.00) to the Settlement Class, the Settlement Class Representatives, Settlement Class Counsel, and the Claims Administrator, in full satisfaction of the claims as more specifically described in the Agreement. In addition, the Court notes that the Agreement provides that Defendant has agreed to

2

release all claims for breach of contract and indemnification that Defendant has or may have had against the Installation Company Settlement Class Members (as defined in the Agreement) based on the allegations in the Lawsuit.

2. It further appears to the Court, on a preliminary basis, that the proposed settlement is fair and reasonable to the Settlement Class when balanced against the probable outcome of further litigation relating to class certification, liability and damages issues, and potential appeals of rulings. It also appears that settlement at this time will avoid substantial costs, delay and risks that would be presented by the further prosecution of the litigation.

3. It further appears to the Court that significant formal and informal discovery, investigation, research, and litigation has been conducted such that counsel for the parties at this time are able to evaluate their respective positions reasonably. It also appears that the proposed settlement has been reached as the result of intensive, informed and non-collusive negotiations between the parties.

4. It further appears to the Court, on a preliminary basis and for purposes of settlement only, that the prerequisites for a class action under Rule 23 of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of members of the Settlement Class is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the common questions of law and fact predominate over

3

questions affecting only individual members of the Settlement Class; (d) Plaintiffs' claims are typical of the claims of the Settlement Class; (e) Plaintiffs will fairly and adequately protect the interests of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient resolution of the action.

ACCORDINGLY, GOOD CAUSE APPEARING, THE MOTION FOR ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT IS HEREBY GRANTED; AND THE COURT HEREBY TEMPORARILY AND CONDITIONALLY CERTIFIES THE CLASS FOR SETTLEMENT PURPOSES ONLY, PURSUANT TO THE TERMS AND CONDITIONS CONTAINED IN THE SETTLEMENT AGREEMENT.

5. The Court finds, on a preliminary basis, that Plaintiff Mittl, Plaintiff Toms River Automatic Door & Window, and Plaintiffs' attorneys have fairly represented and protected the interests of the Settlement Class.

6. If further appears to the Court that Kurtzman Carson Consultants LLC is qualified to serve as the settlement and claims administrator for purposes of this settlement.

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

a. For purposes of the settlement of this action only, the Court hereby conditionally certifies the following Settlement Class:

All installation companies that, at any time during the Class Period, performed installation services in the State of New Jersey for Defendant pursuant to a written contract, and all individuals who had an ownership interest in such installation companies during the Class Period and/or signed any of the installation contracts with Defendant on behalf of such installation companies.

b. The Court finds that Plaintiffs Thomas Mittl and Toms River Automatic Door & Window are adequate representatives of the Class and for purposes of the settlement of this action only, appoints Thomas Mittl and Toms River Automatic Door & Window as representatives of the Settlement Class ("Settlement Class Representatives").

c. For purposes of the settlement of this action only, the Court hereby appoints the following attorneys as counsel for the Settlement Class ("Settlement Class Counsel"):

> Jeffrey C. Block, Esq.
> Erica G. Langsen, Esq.
> Block & Leviton LLP
> 155 Federal Street, Suite 400
> Boston, MA 02110
> Telephone: (617) 398-5600

Stephan T. Mashel, Esq.
Peter D. Valenzano, Esq.
MASHEL LAW, L.L.C.
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
Telephone: (732) 536-6161

  d. The Court hereby appoints Kurtzman Carson Consultants LLC as the settlement and claims administrator for purposes of this settlement (the "Claims Administrator").

  7. The Court finds that the Notice, Claim Form, and Exclusion Form advise of the pendency of the Class Action and of the proposed settlement, of preliminary approval of the proposed settlement, claim submission timing and procedures, opt-out timing and procedures, objection timing and procedures, and of the Final Approval Hearing. These documents fairly and adequately advise the Settlement Class Members of the terms of the proposed settlement and the benefits available to Settlement Class Members thereunder, as well as their right to opt-out and procedures for doing so, and of the right of Settlement Class Members to file documentation in support of or in opposition to the proposed settlement, and their right to appear at the Final Approval Hearing; the Court further finds that the Notice clearly comports with all constitutional requirements, including those of due process.

ACCORDINGLY, GOOD CAUSE APPEARING, THE COURT HEREBY APPROVES THE PROPOSED NOTICE, THE PROPOSED CLAIM FORM AND THE EXCLUSION FORM.

8. The mailing to the present and/or last known installation company address of Settlement Class Members who can reasonably be identified constitutes an effective method of notifying Settlement Class Members of their rights with respect to the Class Action and Settlement.

ACCORDINGLY, GOOD CAUSE APPEARING, IT IS HEREBY ORDERED AS FOLLOWS:

    a. On or before thirty (30) days after entry of Preliminary Approval, the Claims Administrator shall mail Notice, Claim Form (if applicable), and Exclusion Form to each member of the Settlement Class;

    b. All mailings shall be made to the present and/or last known mailing address of all Installation Companies based on Defendant's records, as well as addresses that may be located by the Claims Administrator, who will conduct standard address searches in cases of returned mail. The Court finds the mailing of notices to Settlement Class Members as set forth in this paragraph is the best means practicable by which to reach Settlement Class Members and is reasonable and adequate pursuant to all constitutional and statutory requirements including all due process requirements.

7

9. IT IS FURTHER ORDERED that to be considered valid and timely any:

   a. Claim Forms or Request for Exclusion Forms must be mailed to the Claims Administrator and postmarked within the longer of: (i) 60 days after mailing of the Class Notice to members of the Settlement Class; or (ii) for Settlement Class Members who are re-mailed Notice by the Claims Administrator, 30 days from the date the Class Notice is re-mailed to that Class Member at an updated address pursuant to a skip trace; and

   b. Objections, both as to the Settlement and Settlement Class Counsel's attorneys' fee request, must be filed with the Court and served on Settlement Class Counsel and on counsel for Defendant within twenty-one (21) days of the Final Approval Hearing date set forth in paragraph 11 below. To ensure adequate time for the Settlement Class to object to such fee request, Settlement Class Counsel shall file their fee request at least forty-five (45) days before the Final Approval Hearing.

10. Given that the Court's Order preliminarily approving the Settlement at this time, IT IS FURTHER ORDERED THAT Defendant shall, if it has not already done so, provide notice of this Class Action Settlement to the Attorney General of the United States, the New Jersey Attorney General, and any other state attorney general where Settlement Class Members reside within 10 days of the date

of this Order in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

11. IT IS FURTHER ORDERED that the Final Approval Hearing shall be held before the undersigned on __July 12__, 2017 at __10:00 A__ at the above-entitled court, located at 402 East State Street, Trenton, NJ, 08608, to consider the fairness, adequacy and reasonableness of the proposed settlement preliminarily approved by this Order of Preliminary Approval, and to consider the application of Settlement Class Counsel for an award of reasonable attorneys' fees, litigation expenses, incentive awards, and for costs of claims administration incurred.

12. IT IS FURTHER ORDERED that pending final determination of whether this proposed settlement should be granted final approval, no Settlement Class Member, either directly or representatively, or in any other capacity, shall commence or prosecute any action or proceeding asserting any of the Settlement Class Members' Released Claims, as defined in the Agreement, against Defendant in any court or tribunal.

13. IT IS FURTHER ORDERED that any party to this case, including Settlement Class Members, may appear at the Final Approval Hearing in person or by counsel, and may be heard to the extent allowed by the Court, in support of or in opposition to the settlement, to inform the Court's determination of the good faith, fairness, reasonableness and adequacy of the proposed Settlement, the

requested attorneys' fees and litigation expenses, and any Order of Final Approval and Judgment regarding such settlement, fees and expenses; provided, however, that no person, except Settlement Class Counsel and counsel for Defendant, shall be heard in opposition to such matters unless such person has complied with the conditions set forth in the Notice of Class Action Settlement which conditions are incorporated herein.

14.  IT IS FURTHER ORDERED that if, for any reason, the Court does not execute and file an Order of Final Approval, or if the Effective Date (as defined in the Agreement) does not occur for any reason whatsoever, the proposed Agreement and all evidence and proceedings had in connection therewith, shall be without prejudice to the *status quo ante* rights of the parties to the litigation as more specifically set forth in the Agreement.

15.  IT IS FURTHER ORDERED that, pending further order of this Court, all proceedings in this matter except those contemplated herein and in the Agreement are stayed.

The Court expressly reserves the right to adjourn or continue the Final Approval Hearing from time-to-time without further notice to the Settlement Class Members.

**IT IS SO ORDERED.**

Dated: ___March 7___, 2017

___/s/ Douglas E. Arpert___
Hon. Douglas E. Arpert, USMJ