**MASHEL LAW, L.L.C.**
500 Campus Drive, Suite 303
Morganville, New Jersey 07751
T: (732) 536-6161
F: (732) 536-6165
E: smashel@mashellaw.com
Attorneys for Plaintiff Thomas Mittl

By: Stephan T. Mashel, Esq.
    Attorney I.D. No. 03185-1986

RECEIVED
JUL 18 2017
AT 8:30_____M
WILLIAM T. WALSH
CLERK

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
### Trenton Division

| | |
|---|---|
| THOMAS MITTL, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>LOWE'S HOME CENTERS, LLC,<br><br>Defendant. | Case: 3:15-cv-06886-BRM-DEA<br><br>[~~PROPOSED~~] ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

The parties have submitted their Settlement Agreement, which this Court preliminarily approved in its March 7, 2017 Order Granting Preliminary Approval Of Class Action Settlement (the "Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Settlement Class Members have been given adequate notice of the terms of the Settlement Agreement and their right to

participate in, object to, or opt-out of the settlement. In addition, pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715, the United States Attorney General, the New Jersey Attorney General, and the attorney generals of any and all other states where Settlement Class Members resided at the time notice was issued have been given notice of the settlement of this action (hereinafter, "Settlement").

Having received and considered the Settlement Agreement, the supporting papers filed by the parties, the application for final approval of the settlement, the application for an award of Settlement Class Counsel's attorneys' fees and reimbursement of expenses, the application for incentive award for the Settlement Class Representative, and the evidence and argument received by the Court at the Final Approval Hearing on July 18, 2017, and good cause having been shown, the Court GRANTS final approval of the settlement, and hereby ORDERS as follows:

1. The class period ("Class Period") covered by this Order is the time period between August 3, 2009 and the date the Preliminary Approval Order was entered.

2. The class covered by this Order is defined as: All installation companies that, at any time during the Class Period, performed installation services in the State of New Jersey for Defendant pursuant to a written contract, and all individuals who had an ownership interest in such installation companies during

the Class Period and/or signed any of the installation contracts with Defendant on behalf of such installation companies. Any person or installation company who previously settled or released all of the claims covered by the Settlement Agreement, any person or installation company who previously was paid or received awards through civil or administrative actions for all of the claims covered by the Settlement Agreement, or any person or installation company that excludes him, her or itself from the Settlement Class, shall not be a member of the Settlement Class. Type II installers (*i.e.*, product manufacturers that both furnish and install product pursuant to contracts that may differ materially from the Settlement Class Members' contracts) also are not Settlement Class Members. Defendant's classification of an entity or individual as a Type II installer shall be conclusive as to such status.

3. Pursuant to this Court's Preliminary Approval Order, a Notice of Class Action Settlement, Claim Form, and Request for Exclusion Form were sent to each Class Member by first-class mail to the extent the Settlement Class Member reasonably could be identified. These papers informed Settlement Class Members of the terms of the settlement, their right to participate in, object to, or opt-out of the settlement to pursue their own remedies, and their right to appear in person or by counsel at the Final Approval Hearing to be heard regarding approval of the settlement. Adequate periods of time were provided by each of these

procedures. Zero (0) Settlement Class Members filed written objections to the settlement as part of this notice process or stated his or her intent to appear at the Final Approval Hearing.

4. The Court finds and determines that this notice procedure afforded adequate protections to Settlement Class Members and provides the basis for the Court to make an informed decision regarding approval of the settlement based on the responses of Settlement Class Members. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

5. For the reasons stated in the Court's Preliminary Approval Order, the Court finds and determines that the proposed Settlement Class, as defined in the Settlement Agreement, meets all of the legal requirements for class certification, and it is hereby ordered that the Settlement Class is finally approved and certified as a class for purposes of settlement of this action.

6. The Court further finds and determines that the terms of the settlement are fair, reasonable, and adequate to the Settlement Class and to each Settlement Class Member and that the Settlement Class Members who have not opted out shall be bound by the Settlement Agreement, that the settlement is ordered finally approved, and that all terms and provisions of the Settlement Agreement should be and hereby are ordered to be consummated.

7. The Court finds that Defendant has fully complied with CAFA's notice requirements.

8. The Court finds and determines that the payments to be made to the Settlement Class Members as provided for in the Settlement Agreement are fair and reasonable. The Court hereby grants final approval to and orders the payment of those amounts be made to the Settlement Class Members out of the Two Million Eight Hundred And Fifty Thousand Dollars and No Cents ($2,850,000.00) Maximum Settlement Amount in accordance with the terms of the Settlement Agreement. The Court also finds and determines that the release by Defendant of certain claims against the Installation Company Settlement Class Members (as that term is used in the Settlement Agreement) is fair and reasonable and sufficient consideration for the release of claims by the Installation Company Settlement Class Members against Defendant.

9. The Court hereby grants and approves the application presented by Settlement Class Counsel for an award of attorneys' fees in the amount of $949,050.00, to be paid in accordance with the terms of the Settlement Agreement.

10. The Court hereby grants and approves the application presented by Settlement Class Counsel for an award of costs in the amount of

$ _41,883.73_____, to be paid in accordance with the terms of the Settlement Agreement.

11. The Court hereby grants and approves the application presented by the Settlement Class Representative for an incentive award in the amount of $ _20,000.00_ for Plaintiff Mittl, to be paid in accordance with the terms of the Settlement Agreement.

12. The Court hereby grants and approves the application for payment of costs of administration of the Settlement in the amount of $ _30,000.00_____ including, without limitation, the fees and expenses of Kurtzman Carson Consultants LLC, the settlement and claims administrator approved by the Court (the "Claims Administrator").

13. Upon completion of administration of the Settlement, the Claims Administrator will provide written certification of such completion to the Court and counsel for the parties.

14. As set forth in the Settlement Agreement and as defined below, the "Claims Released By The Settlement Class" and "Claims Released By Defendant," as defined below, shall be known collectively as the "Released Claims."

(a) <u>Claims Released By The Settlement Class</u>

Upon the Effective Date of the Settlement (as defined in paragraph 15(a) of the Settlement Agreement), the members of the Settlement Class, including the Settlement Class Representatives, shall release Defendant Lowe's Home Centers, LLC and each of its respective past, present and future owners, all present and former parent corporations, related or affiliated companies, subsidiaries, officers, directors, shareholders, employees, agents, principals, heirs, representatives, accountants, attorneys, auditors, consultants, insurers and re-insurers, and their respective successors and predecessors in interest, each of their company-sponsored employee benefit plans of any nature (including, without limitation, profit-sharing plans, pension plans, 401(k) plans, and severance plans) and all of their respective officers, directors, employees, administrators, fiduciaries, trustees and agents, and any individual or entity which could be jointly liable with Defendant (the "Released Defendants") from the "Claims Released By The Settlement Class" as defined below and in paragraph 17 of the Settlement Agreement.

The "Claims Released By The Settlement Class" are defined as: All claims, demands, rights, liabilities, and causes of action of every nature and description whatsoever, whether known or unknown, that were or could have been asserted in the lawsuit, whether in tort, contract, statute, rule, ordinance, order, regulation, or

otherwise, for state wage and hour laws, including the provisions governing wage payments as set forth in N.J.S.A. 34:11-57 *et seq.*, the New Jersey Conscientious Employee Protection Act, N.J.S.A. 34:19-1 to N.J.S.A. 34:19-8, the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1 *et seq.*, all claims under the Construction Industry Independent Contractor Act, N.J.S.A. § 34:20-1, *et seq.*, the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*; ("ERISA"), for those for Class Members who opt into the Class by submitting a valid Claim Form, all claims under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*, ("FLSA") to the extent the FLSA claims arise out of facts and/or claims asserted or that could have been asserted in these lawsuits, whether for economic damages, non-economic damages, restitution, penalties, wages, liquidated damages, interest or attorneys' fees, arising out of the claims at issue, including: the causes of action asserted in the Complaint relating to the alleged misclassification of installers, such as the alleged failure to provide benefits of any kind, failure to pay vacation, holiday or sick pay, failure to provide insurance of any kind, failure to pay overtime compensation, failure to pay the minimum wage, allegations that the Released Defendants were unjustly enriched by the alleged misclassification, which causes of action include, but are not limited to, allegations that Settlement Class Members were misclassified or not paid all earned wages, including "straight time" wages, overtime compensation, were not

timely paid all wages, and were not paid all wages owing upon termination of employment during the Class Period.

      (b)   <u>Claims Released By Defendant</u>

As of the Effective Date (as defined in paragraph 15 of the Settlement Agreement), Defendant shall release any claims it has or may have had against the Installation Company Settlement Class Members for breach of contract and indemnification that Defendant has or may have had against the Installation Company Settlement Class Members based on the allegations in the Lawsuit that the Settlement Class Members were misclassified as independent contractors.

      (c)   <u>Waiver Of Any Limitations As To Release Of Unknown Claims</u>

With respect to the released claims described above and in the Settlement Agreement, the parties stipulate and agree that, upon the Effective Date, the parties shall be deemed to have, and by operation of the Final Judgment shall have, expressly waived and relinquished as to those released claims, to the fullest extent permitted by law, any federal or state law that purports to limit the scope of a general release.

15.   Pursuant to the Settlement Agreement, all Settlement Class Members (except for those who filed Request for Exclusion Forms) are permanently barred from prosecuting the Released Defendants for any Released Claims.

16. The parties are hereby ordered to comply with the terms of the Settlement Agreement.

17. This action and the claims alleged in the operative complaint filed in the action against Defendant are hereby dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement Agreement.

18. Without affecting the finality of this Final Order in any way, this Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this Order and the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: July 18, 2017

_____
Douglas E. Arpert
UNITED STATES MAGISTRATE JUDGE